IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FREEDOM DEFENSE INITIATIVE<br>1040 First Avenue<br>Room 121<br>New York, New York 10022<br><br>PAMELA GELLER<br>1040 First Avenue<br>Room 121<br>New York, New York 10022<br><br>ROBERT SPENCER<br>373 South Willow Street, #109<br>Manchester, New Hampshire 03103<br><br>        Plaintiffs,<br><br>   -v.-<br><br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY (WMATA)<br>600 Fifth Street N.W.<br>Washington, D.C. 20001<br><br>JACK REQUA, in his official capacity as Interim<br>General Manager and Chief Executive Officer for<br>WMATA<br>600 Fifth Street N.W.<br>Washington, D.C. 20001<br><br>        Defendants. | **COMPLAINT**<br><br>[Civil Rights Action under<br>42 U.S.C. § 1983] |

Plaintiffs American Freedom Defense Initiative (hereinafter referred to as "AFDI"), Pamela Geller, and Robert Spencer (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendants Washington Metropolitan Area Transit Authority (WMATA) and Jack Requa in his official capacity as Interim General Manager and Chief Executive Officer for WMATA (collectively referred to as "Defendants" or "WMATA") and their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

1

## INTRODUCTION

1.      This case seeks to protect and vindicate fundamental constitutional rights.  It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiffs' right to freedom of speech.  Defendants have adopted a policy that operates as a prior restraint on Plaintiffs' speech, prohibiting Plaintiffs from displaying advertisements on WMATA's property based on the content and viewpoint of Plaintiffs' message.

2.      Plaintiffs seek a declaration that Defendants violated their clearly established constitutional rights as set forth in this Complaint; a declaration that Defendants' restriction on Plaintiffs' speech violates the U.S. Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' speech restriction as set forth in this Complaint; and nominal damages for the past loss of Plaintiffs' constitutional rights.  Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

3.      This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4.      Pursuant to Section 81 of the Washington Metropolitan Area Transit Regulation Compact ("WMATA Compact"), federal district courts shall have concurrent original jurisdiction over suits against WMATA.  D.C. Code § 9-1107.01(81).

5.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the

general legal and equitable powers of this Court.  Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

6.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

7.      Plaintiff AFDI is a nonprofit organization that is incorporated under the laws of the State of New Hampshire.  AFDI is dedicated to freedom of speech, freedom of conscience, freedom of religion, and individual rights.

8.      AFDI achieves its objectives through a variety of lawful means, including through the exercise of its right to freedom of speech under the United States Constitution.

9.      AFDI exercises its right to freedom of speech and promotes its objectives by, *inter alia*, purchasing advertising space on transit authority property in major cities throughout the United States, including Washington, D.C.  AFDI purchases these advertisements to express its message on current events and public issues, including issues involving the suppression of free speech by Sharia-adherent Islamists and complicit government officials (hereinafter referred to as "AFDI's advertising campaign").

10.     Plaintiff Pamela Geller is the president of AFDI, and she engages in protected speech through AFDI's activities, including AFDI's advertising campaign.

11.     Plaintiff Robert Spencer is the vice president of AFDI, and he engages in protected speech through AFDI's activities, including AFDI's advertising campaign.

## DEFENDANTS

12.     Defendant WMATA is a government agency that was established through a congressionally approved interstate compact to provide public transportation in the Washington

3

D.C. metropolitan area.  One way in which WMATA raises revenue is by leasing the advertising space on its property.

13.     WMATA has waived Eleventh Amendment immunity in this case.  Section 80 of the WMATA Compact provides that WMATA "shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agent committed in the conduct of any proprietary function."   D.C. Code § 9-1107.01(80).   The leasing of its advertising space is a proprietary function for immunity purposes under the Eleventh Amendment.

14.     Jack Requa is the Interim General Manager and Chief Executive Officer of WMATA.  As the Interim General Manager and Chief Executive Officer, Defendant Requa is responsible for enforcing the acts, policies, practices, and/or customs of WMATA, including the restriction on Plaintiffs' speech set forth in this Complaint.  At all relevant times, Defendant Requa was acting under color of state law.  Defendant Requa is sued in his official capacity.

## STATEMENT OF FACTS

15.     As a government agency, WMATA is mandated to comply with the First and Fourteenth Amendments to the U.S. Constitution.

16.     WMATA leases space on its property, including its Metrobuses and free-standing dioramas inside its subway stations, for use as advertising space.

17.     According to WMATA's website: "Metro provides a unique opportunity to reach the out-of-home market in the Washington metropolitan area.  The Metrobus and Metrorail system covers all of the District of Columbia and the suburbs of Maryland and Northern Virginia.  Exterior bus advertising penetrates 90% of the daily population and makes multiple impressions all over the region, throughout business districts, residential areas, and tourist attractions.  Advertising in the Metrorail system provides an opportunity to target business

executives, federal employees, students, and tourists.  Advertising displays are available on the sides, backs, and interiors of Metrobuses.  In the Metrorail system, backlighted advertising displays and two-sheet poster displays are available in Metro stations.  Advertising space is also available inside rail cars."  *See* http://www.wmata.com/business/advertising_with_metro.cfm (last visited on June 30, 2015).

18.     At the time Plaintiffs submitted the advertisements at issue here for display on WMATA's advertising space, WMATA leased its space for a wide array of political, religious, public-issue, public-service, and commercial advertisements, including advertisements expressing controversial views and addressing controversial issues.

19.     For example, WMATA has leased its advertising space for advertisements that criticize Israel and Jews, including an advertisement that sought to "End U.S. military aid to Israel."  WMATA has also displayed advertisements submitted by the Council on American-Islamic Relations (CAIR), a Hamas-linked, Muslim Brotherhood front organization, promoting CAIR's views on Islam and the Quran.

20.     At the time Plaintiffs submitted the advertisements at issue here, WMATA's advertising space was a public forum for Plaintiffs' speech.  Consequently, WMATA was required to display the advertisements pursuant to the First Amendment.

21.     In 2012, WMATA tried, unsuccessfully, to suppress Plaintiffs' speech by refusing to display Plaintiffs' pro-Israel / anti-jihad advertisement, thereby forcing Plaintiffs to file a federal civil rights lawsuit.  In that lawsuit, this Court held that WMATA violated Plaintiffs' First Amendment right to freedom of speech and enjoined WMATA's speech restriction.  *Am. Freedom Def. Initiative v. Wash. Metro. Area Transit Auth.*, 898 F. Supp. 2d 73 (D.D.C. 2012).

22.     On May 20, 2015, and on behalf of all Plaintiffs, Plaintiff Geller submitted to WMATA's advertising agent for display on WMATA's buses and dioramas the advertisements at issue here.  As part of this submission, Plaintiffs stated that they "wish to submit the following ad to run on 20 Washington DC buses and 5 DC Dioramas including Foggy Bottom, Capitol South, Bethesda, L'Enfant Plaza, Shady Grove and Union Station (if available)."

23.     The proposed ad for display on WMATA's buses appears as follows:



24.     The proposed ad for display on WMATA's dioramas appears as follows:



25.     Both advertisements make the point that the First Amendment will not yield to Sharia-adherent Islamists who want to enforce so-called blasphemy laws here in the United States, whether through threats of violence or through the actions of complicit government officials, such as Defendants in this case.

26.     On or about May 22, 2015, WMATA's advertising agent responded to Plaintiff Geller's submission request, stating, in relevant part, "The copy has been submitted to the transit

authority.  We are also looking into available inventory.  I will let you know about both as soon as I hear back."

27.     Because WMATA determined that it would not display Plaintiffs' advertisements on the basis of the content and viewpoint of Plaintiffs' message, on or about May 28, 2015, WMATA's Board of Directors took the unprecedented step of adopting a resolution that "directs management to close WMATA's advertising space to any and all issue-oriented advertising, including but not limited to, political, religious, and advocacy advertising until the end of the calendar year."

28.     As a result of this resolution, which was adopted for the purpose of suppressing Plaintiffs' speech, WMATA will not display Plaintiffs' advertisements.

29.     Pursuant to clearly established First Amendment jurisprudence, the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury sufficient to warrant injunctive relief.

30.     Moreover, changes to a forum motivated by actual viewpoint discrimination, as in this case, are impermissible under the First Amendment.  Consequently, because the true purpose of WMATA's resolution was to silence Plaintiffs' disfavored speech, the federal courts are capable of taking prompt and measurably appropriate action to remedy this First Amendment violation.

## FIRST CLAIM FOR RELIEF

### (Freedom of Speech—First Amendment)

31.     Plaintiffs hereby incorporate by reference all stated paragraphs.

32.     By reason of the aforementioned speech restriction, including the resolution, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of

their right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

33.     Defendants' restriction on Plaintiffs' speech is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

34.     Defendants' true purpose for adopting the resolution at issue here was to silence the viewpoint expressed by Plaintiffs' speech.  Consequently, the true purpose for adopting the resolution was to silence disfavored viewpoints in violation of the Free Speech Clause of the First Amendment.

35.     As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## SECOND CLAIM FOR RELIEF

### (Equal Protection—Fourteenth Amendment)

36.     Plaintiffs hereby incorporate by reference all stated paragraphs.

37.     By reason of the aforementioned speech restriction, including the resolution, created, adopted, and enforced under color of state law, Defendants have unconstitutionally deprived Plaintiffs of the equal protection of the law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, in that Defendants are preventing Plaintiffs from expressing a message based on its content and viewpoint, thereby denying the use of a forum to those whose views Defendants find unacceptable.

38.     As a direct and proximate result of Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A)      to declare that Defendants' restriction on Plaintiffs' speech, including the adoption of the resolution at issue here, violates the First and Fourteenth Amendments to the U.S. Constitution as set forth in this Complaint;

B)      to preliminarily and permanently enjoin Defendants' speech restriction and its application to Plaintiffs' speech as set forth in this Complaint;

C)      to award Plaintiffs nominal damages for the past loss of their constitutional rights as set forth in this Complaint;

D)      to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

E)      to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

*/s/ Robert J. Muise*
Robert J. Muise, Esq. (D.C. Court Bar No. MI 0052)
P.O. Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756
rmuise@americanfreedomlawcenter.org

*/s/ David Yerushalmi*
David Yerushalmi, Esq. (DC Bar No. 978179)
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20001
david.yerushalmi@verizon.net
Tel: (646) 262-0500
Fax: (801) 760-3901