IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FREEDOM DEFENSE INITIATIVE; PAMELA GELLER; and ROBERT SPENCER, | |
| Plaintiffs, | Case No.  1:15-cv-01038-JDB |
| | Hon. John D. Bates |
| -v.- | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., | |
| Defendants. | |

**JOINT STATUS REPORT REGARDING FURTHER PROCEEDINGS**

Plaintiffs American Freedom Defense Initiative, Pamela Geller, and Robert Spencer ("Plaintiffs") and Defendants Washington Metropolitan Area Transit Authority ("WMATA") and Paul J. Wiedefeld, in his official capacity as General Manager for WMATA,[1] ("Defendants" and together with Plaintiffs, collectively "the parties") hereby submit the following joint status report regarding further proceedings in this matter, pursuant to the Court's minute order dated January 17, 2019, and as amended by minute orders dated, respectively, April 11, 2020, and May 28, 2020.

**BACKGROUND**

On July 1, 2015, Plaintiff filed this action to challenge on First Amendment grounds WMATA's rejection of two advertisements submitted by Plaintiff to run on the exterior of its Metrobuses.  On March 28, 2017, this Court (Honorable Judge Kessler presiding) issued its order (Dkt. No. 30) and memorandum opinion (Dkt. No. 31) granting Defendants' motion for summary judgment on the grounds (*inter alia* and relevant to the issue of further proceedings before this Court) that WMATA's "Guidelines Governing Commercial Advertising" No. 9, which prohibits

---

[1] Jack Requa is no longer WMATA's general manager; Paul Wiedefeld, the new general manager, has taken his place as a defendant.

"[a]dvertisements intended to influence members of the public regarding an issue on which there are varying opinions," was viewpoint-neutral and reasonable and thus a proper basis for WMATA's rejection of Plaintiffs' ads. *Am. Freedom Def. Initiative v. Wash. Metro. Area Transit Auth.*, 245 F. Supp. 3d 205, 211-13 (D.D.C. 2017).

Plaintiffs appealed that decision to the U.S. Court of Appeals for the D.C. Circuit, which affirmed in part and reversed in part this Court's decision.  While the appellate court found Guideline No. 9 to be viewpoint-neutral, it found that the intervening Supreme Court decision in *Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876 (2018), requires further record development and trial court analysis of whether this restriction is reasonable.  Specifically, the D.C. Circuit remanded with the following instructions:

> The parties' briefs predate the decision in *Mansky*.  Yet *Mansky* invites arguments about whether Guideline 9 is capable of reasoned application.  Moreover, WMATA's defense of the Guidelines against AFDI's unbridled discretion/vagueness challenge was that it banned AFDI's advertisements as "political" speech, which is not unconstitutional.  That argument might be unavailing in light of *Mansky*.

> In these circumstances, AFDI should be given an opportunity to refine its argument and to supplement the record accordingly.  *See, e.g.*, *Belizan v. Hershon*, 495 F.3d 686, 692 (D.C. Cir. 2007) (remanding securities fraud claims to the district court to reconsider in light of intervening Supreme Court precedent).  Guideline 9 has been in place for nearly three years, and information on how it has been applied would certainly be information as to whether it is capable of reasoned application.  In addition, the district court may wish to clarify whether WMATA would have rejected AFDI's advertisements based upon Guideline 9 or some other Guideline.

> We therefore reverse the grant of summary judgment to WMATA as to whether its policy is reasonable and remand that portion of this case to the district court.

*Am. Freedom Def. Initiative v. Wash. Metro. Area Transit Auth.*, 901 F.3d 356, 372-73 (D.C. Cir. 2018).

The D.C. Circuit issued its mandate on November 8, 2018 (Dkt. No. 34).

On November 27, 2018, Plaintiffs' counsel reached out to counsel for WMATA via email, requesting that the parties meet and confer to discuss scheduling in light of the mandate.  Plaintiffs'

counsel subsequently prepared a draft joint proposal for limited discovery and briefing on the issues raised by the D.C. Circuit and sent it to opposing counsel on December 4, 2018, for Defendants' review.

On December 7, 2018, WMATA's counsel sent Plaintiff's counsel an email stating the following:

> **We have given some more thought about how to proceed in this case.  We will be relying on Guidelines 9 and 12.**  The constitutionality of Guideline 12 is at issue in the pending Archdiocese case.  If we prevail on Guideline 12, then this case will also be over.  If we do not, then we can litigate Guideline 9.  Therefore, we propose that this case be stayed until the Archdiocese case concludes.

(Emphasis added.)

Subsequently, on December 10, 2018, Plaintiffs filed a motion for a scheduling order setting discovery and briefing deadlines (Dkt. No. 36).  On December 12, 2018, Defendants filed a motion to stay the proceedings pending the outcome of all appellate review in the pending case of *Archdiocese of Washington v. Washington Metro. Area Transit Auth.*, 897 F.3d 314, 320 (D.C. Cir. 2018).

By minute entry orders on January 17, 2019, this Court granted Defendants' motion for stay and denied as moot Plaintiffs' motion for a scheduling order and ordered the parties to prepare this joint status report regarding further proceedings upon the exhaustion of all appeals in the *Archdiocese* case.  On April 6, 2020, the Supreme Court denied the Archdiocese's petition for *certiorari*.  140 S.Ct. 1198.

## PROPOSED SCHEDULE FOR FURTHER PROCEEDINGS

In light of the D.C. Circuit opinion and WMATA's determination that AFDI's ads are contrary to Guideline No. 9 and Guideline No. 12, the parties propose the following by way of discovery and cross-motions for summary judgment:

1.      The parties propose four months of discovery limited in scope to: (1) information on how WMATA has applied Guideline 9 and Guideline 12 since it adopted them in 2015; and (2) information about the bases for WMATA's determination that Guideline 12 applies to AFDI's ads at issue in this action.   They agree that this four-month discovery period should be subject to reasonable enlargement upon the parties' request in light of the current and potential future travel restrictions and other circumstances relating to the COVID-19 pandemic.

2.      Following the close of this limited discovery, the parties propose cross-motions for summary judgment on the following schedule:

  a.  Plaintiffs' motion for summary judgment due 21 days following the close of the limited discovery;

  b.  Defendants' cross-motion for summary judgment and opposition to plaintiffs' motion due 21 days following the filing of plaintiffs' motion; and

  c.  Plaintiffs' reply in support of their motion and opposition to defendants' cross-motion 14 days following the filing of defendants' cross-motion and opposition; and

  d.  Defendants' reply in support of their cross-motion 14 days following the filing of plaintiffs' reply and opposition.

A proposed order is attached.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

/s/ David Yerushalmi
David Yerushalmi, Esq.*
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20006
dyerushalmi@americanfreedomlawcenter.org
Tel: (646) 262-0500; Fax: (801) 760-3901

/s/ Robert J. Muise
Robert J. Muise, Esq.*
P.O. Box 131098
Ann Arbor, Michigan 48113
rmuise@americanfreedomlawcenter.org
Tel: (734) 635-3756

*Counsel for Plaintiffs*

AKIN GUMP STRAUSS HAUER & FELD, LLP

/s/ Rex S. Heinke
Rex S. Heinke (pro hac vice)
Jessica M. Weisel (pro hac vice)
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067
(301) 229-1000 (telephone)
(301) 229-1001 (facsimile)
Email: rheinke@akingump.com

Anthony T. Pierce (D.C. Bar No. 415263)
Caroline L. Wolverton (D.C. Bar No. 496433)
Robert S. Strauss Tower
2001 K Street, NW
Washington, DC 20006
(202) 887-4107 (telephone)
(202) 887-4288 (facsimile)
Email: apierce@akingump.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: none.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

/s/ *David Yerushalmi*
David Yerushalmi, Esq.